UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHAWN A. DEDRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-cv-00082-SEB-KMB |
| M. CHALEUNPHONH, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Shawn Dedrick was once an inmate at Floyd County Jail ("the Jail"). He filed a complaint alleging that, while incarcerated at the Jail, Defendant Allison Chaleunphonh retaliated against him and violated his First Amendment rights.

Defendant has moved for summary judgment. Dkt. 42. Plaintiff has also moved for summary judgment.[1] Dkt. 47. For the reasons explained below, Defendant's motion for summary judgment, dkt. [42], is **GRANTED** and Plaintiff's motion for summary judgment, dkt. [47], is **DENIED.**

**I.
Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to

---

[1] Plaintiff's motion for summary judgment is more akin to a response in opposition than a cross-motion for summary judgment. Accordingly, the Court treats Mr. Dedrick's motion for summary judgment as a brief in opposition to Defendant Chaleunphonh's motion for summary judgment.

1

the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

When reviewing cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)). The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Loc. Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

## II.
## Factual Background

Because Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

### A. Parties

At all times relevant to the complaint, Plaintiff Shawn Dedrick was incarcerated as a pretrial detainee at the Floyd County Jail. Dkt. 44-1. At all times relevant to the complaint, Defendant Allison Chaleunphonh was employed by the Floyd County Sheriff's Department as a Jail Officer. Dkt. 44-9 ¶ 1.

### B. April 17, 2023, incident regarding open cell door

On April 17, 2023, Defendant Chaleunphonh was the West Roamer at the Floyd County Jail and went to the infirmary to conduct a cell check. Dkt. 44-4 at 45; dkt. 44-6 at 1, dkt. 44-9 ¶ 11. It was the general policy of the Floyd County Jail that cells doors be left open at all times until lockdown. Dkt. 44-6 at 1; dkt. 44-9 ¶¶ 6-10. Defendant Chaleunphonh noticed that Mr. Dedrick had his cell door slightly cracked open but mostly closed. Dkt. 44-4 at 45; dkt. 44-6 at 1; dkt. 44-9 ¶ 20.

Defendant Chaleunphonh opened the cell door to check on Mr. Dedrick. Dkt. 44-4 at 45; dkt. 44-6 at 1; dkt. 44-9 ¶ 21. Mr. Dedrick questioned why Defendant Chaleunphonh opened his cell door. Dkt. 44-4 at 46; dkt. 44-6 at 1; dkt. 44-9 ¶ 23. Defendant Chaleunphonh told Dedrick his door needed to be open at all times until lockdown. Dkt. 44-4 at 46; dkt. 44-6 at 1; dkt. 44-9 ¶ 24. Mr. Dedrick told Defendant Chaleunphonh that no one else told him his door needed to be open, and other officers who had been in the infirmary never said anything about it when his door was closed on other occasions. Dkt. 44-4 at 46; dkt. 44-6 at 1; dkt. 44-9 ¶ 25. Then, Mr. Dedrick closed

3

his door while Defendant Chaleunphonh stood there. Dkt. 44-4 at 46; dkt. 44-6 at 1; dkt. 44-9 ¶¶ 26-27. Mr. Dedrick admits that he violated jail rules by closing his door despite Defendant Chaleunphonh's order to leave it open. Dkt. 44-9 ¶¶ 55-56.

### C. April 23, 2023, incident regarding open cell door

On April 23, 2023, Defendant Chaleunphonh was working again as West Roamer when Mr. Dedrick's cell door was shut again when she conducted cell checks. Dkt. 44-4 at 47; dkt. 44-6 at 1; dkt. 44-9 ¶ 41. When Defendant Chaleunphonh knocked on the cell door, she opened it and told Mr. Dedrick to keep his cell door open. Dkt. 44-4 at 47-48; dkt. 44-6 at 1; dkt. 44-9 ¶¶ 43-44. Mr. Dedrick told her that he was going to the bathroom. Dkt. 44-4 at 48; dkt. 44-6 at 1; dkt. 44-9 ¶ 45. Defendant Chaleunphonh told him he still needed to keep his cell door open. Dkt. 44-4 at 48; dkt. 44-6 at 1; dkt. 44-9 ¶ 46.

### D. April 28, 2023, incident regarding Mr. Dedrick's lack of shirt

On April 28, 2023, Defendant Chaleunphonh was working as main control operator when she observed Mr. Dedrick without a shirt while in the dayroom. Dkt. 44-4 at 51-52; dkt. 44-6 at 3, dkt. 44-9 ¶¶ 57-58. Defendant Chaleunphonh ordered Mr. Dedrick to put on a shirt, as it is against Floyd County Jail policy to be without a shirt in the day room. Dkt. 44-4 at 52; dkt. 44-6 at 3, dkt. 44-9 ¶ 58.

### E. Rule violations and resulting punishment

Defendant Chaleunphonh authored two incident reports against Mr. Dedrick relevant to his complaint: one related to incidents involving him opening his cell door after he was ordered to close it, dkt. 44-6 at 1, and one related to the incident where he had his shirt off in the dayroom. *Id.* at 2.

4

Mr. Dedrick's rule violation form for the incidents where his cell door was open indicates that while he had 25 days of possible segregation time, he ultimately ended up receiving ten days "on the shelf." Dkt. 44-7 at 1. "On the shelf" means that Mr. Dedrick did not serve any days in segregation because of the violations and received no other punishment. Dkt. 44-4 at 50, dkt. 44-7 at 1; dkt. 44-9 ¶ 53.

Mr. Dedrick's rule violation form for the incident where he had his shirt off in the dayroom indicates that, while he had 20 days of possible segregation time, he ultimately ended up receiving 15 days on the shelf. Dkt. 44-7 at 2. Mr. Dedrick did not serve any days in segregation because of the violations and received no other punishment. Dkt. 44-4 at 57-58; dkt. 44-7 at 2; dkt. 44-9 ¶ 72 (". . . on the shelf, which means Dedrick did not serve any days in segregations because of the violation and received no other punishment.").

### III.
### Discussion

To succeed on a First Amendment retaliation claim, a plaintiff must come forward with evidence sufficient to allow a reasonable jury to conclude that: (1) the plaintiff engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was a motivating factor in the defendants' decision to take the allegedly retaliatory action. *Taylor v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir. 2022). If he does so, the burden shifts to the defendants to show that the deprivation would have occurred even if he had not engaged in protected activity. *Manuel v. Nalley*, 966 F.3d 668, 680 (7th Cir. 2020). If they can make that showing, the burden shifts back to the plaintiff to demonstrate that the proffered reason is pretextual or dishonest. *Id.*

Mr. Dedrick proceeds on a First Amendment retaliation claim against Defendant Chaleunphonh based on the allegations that she only charged Mr. Dedrick with disciplinary violations because he submitted a grievance against non-party Officer McCutchen. Dkt. 8 at 4-5.

Defendant Chaleunphonh does not dispute that Mr. Dedrick engaged in protected First Amendment activity by filing grievances, so the Court moves to the next element.

Whether allegedly retaliatory conduct would "deter a person of ordinary firmness" from exercising his First Amendment rights is an objective test, *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020), and the standard "does not hinge on the personal experience of the plaintiff," *Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020).

Defendant Chaleunphonh argues that Mr. Dedrick did not suffer a deprivation that deterred First Amendment Activity. Dkt. 43 at 11. Defendant Chaleunphonh argues that Mr. Dedrick suffered no deprivation because the hearing officer upheld the rule violations on two separate occasions. Dkt. 44-4 at 50; dkt. 44-7 at 1, dkt. 44-9 ¶ 52.

In support, Defendant points to Mr. Dedrick's admission that he violated jail rules by closing his door despite Defendant Chaleunphonh's order to leave it open, dkt. 44-9 ¶¶ 55-56, and Mr. Dedrick's admission that he had his shirt off in the dayroom when Defendant Chaleunphonh told him to put it back on. Dkt. 44-4 at 51-52; dkt. 44-6 at 3, dkt. 44-9 ¶¶ 57-58.

Further, Defendant argues that Mr. Dedrick suffered no actual deprivation because he was disciplined by receiving a cumulative 25 days "on the shelf" which he did not have to serve, but which could be imposed in the future based on other disciplinary actions. Dkt. 44-7 at 1-2; Dkt. 44-9 at ¶¶ 53, 72 (". . . on the shelf, which means Dedrick did not serve any days in segregations because of the violation and received no other punishment."). Mr. Dedrick's response does not

6

indicate that he served any time in segregation as a result of the rule violations that Defendant Chaleunphonh issued against him. Dkt. 47.

The Seventh Circuit has long held that "[s]ection 1983 is a tort statute. A tort to be actionable requires injury. It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982); *see also Daniels v. Nyeayea*, No. 1:22-cv-00033-JPH-TAB, 2022 WL 4468310, at *2 (S.D. Ind. Sept. 26, 2022) (finding that inmate's allegation that he was denied a single breakfast tray was insufficient to support the second element of a retaliation claim); *Taylor v. Nicholson*, No. 2:18-cv-00495-JPH-DLP, 2020 WL 4430593, at *3 (S.D. Ind. July 31, 2020) (finding that no reasonable fact finder could conclude that the loss of the opportunity to shower on a single day was sufficiently adverse). Similarly, no reasonable inmate would be deterred from exercising his First Amendment rights for (1) receiving two valid conduct reports, (2) for which he received no time in segregation. The Court concludes, then, that Mr. Dedrick suffered no deprivation that would deter him from engaging in First Amendment activity.

The Court's inquiry stops there. Defendant Chaleunphonh is entitled to summary judgment as to the retaliation claim against her because Mr. Dedrick's claim fails on the second element.

## IV.
## Conclusion

Defendant Chaleunphonh's motion for summary judgment, dkt. [42] is **GRANTED** because Mr. Dedrick did not suffer any deprivation that deterred First Amendment activity. Plaintiff's motion for summary judgment, dkt. [47] is **DENIED**. Final judgment shall issue by separate entry.

Date: 2/27/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHAWN A. DEDRICK
400 Francis
Clarksville, IN 47129

All Electronically Registered Counsel